**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRACY LYNNE TAYLOR,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

Case No. 25-cv-10068
Hon. Jonathan J.C. Grey
Magistrate Judge Patricia Morris

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF
No. 16), OVERRULING PLAINTIFF'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION (ECF No. 17), GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No.
14), AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (ECF No. 12)**

## I.   INTRODUCTION

This matter is before the Court on Plaintiff Tracy Lynne Taylor's

("Taylor") and Defendant Commissioner of Social Security's ("the

Commissioner") cross-motions for summary judgment. (ECF Nos. 12, 14.)

On November 10, 2025, Magistrate Judge Patricia T. Morris issued a

Report and Recommendation (the "R&R") (ECF No. 16) in which she

recommends that the Court: (i) deny Taylor's motion for summary

judgment (ECF No. 12), (ii) grant the Commissioner's motion for

summary judgment (ECF No. 14), and (iii) affirm the final decision of the Administrative Law Judge (ALJ). Taylor filed two objections to the R&R, to which the Commissioner responded. (ECF Nos. 17, 18.)

For the reasons set forth below, the Court **OVERRULES** Taylor's objections, **ADOPTS** Magistrate Judge Morris' R&R in its entirety, **GRANTS** the Commissioner's motion for summary judgment, and **DENIES** Taylor's motion for summary judgment.

## II. LEGAL STANDARD

### A. De Novo Review

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

### B. Substantial Evidence Standard

The Court "must affirm the [ALJ's] conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502,

506 (6th Cir. 2014) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* *(*quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Ultimately, if "the [ALJ's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

### III.   ANALYSIS

#### A.   First Objection

Taylor first argues that "[t]he Court should decline to adopt the Magistrate Judge's interpretation and/or application of SSR 83-14." (ECF No. 17, PageID.484.)

SSR 83-14 "provide[s] a framework for decisions concerning persons who have ***both*** a severe exertional impairment and a nonexertional limitation or restriction." 1983 WL 31254, at *1 (Jan. 1,

1983) (emphasis added). According to the ALJ's decision, while Taylor has certain nonexertional limitations, she "has the residual functional capacity ['RFC'] to perform *a full range of work at all exertional levels*." (ECF No. 9-1, PageID.89) (emphasis added). Because Taylor does not have a severe exertional impairment, Magistrate Judge Morris declined to apply SSR 83-14 and instead cited SSR 85-15, which provides "a framework for evaluating solely nonexertional impairments." 1985 WL 56857, at *1 (Jan. 1, 1985).

Taylor contends that, because she has "(i) a severe impairment and (ii) a non-exertional limitation or restriction," Magistrate Judge Morris should have applied SSR 83-14, which would have required the ALJ "to consider whether [Taylor's] occupational base [was] significantly diminished for light (and greater-exertion) work." (ECF No. 17, PageID.484–485 (citing SSR 83-14, 1983 WL 31254, at *5.).) The Court disagrees. As correctly noted in the R&R, SSR 83-14 applies to individuals with *both* a severe *exertional* impairment and a nonexertional limitation. Taylor does not have a severe *exertional* impairment, thus Magistrate Judge Morris correctly deemed SSR 83-14 inapplicable.

The Court notes that, despite framing her objection as an interpretive challenge to SSR 83-14, Taylor seemingly includes two additional sub-arguments within her first objection. She contends that the ALJ: (i) "did not offer any statement as to how [Taylor's] monocular vision affected [her] acuity, accommodation, or depth perception as would be relevant to an RFC" and instead "simply noted certain raw visual acuity measures related to the left eye," and (ii) "did not provide the function-by-function assessment necessary to determine" how "a person who has [Taylor's] conditions is functionally impacted by these raw acuity measures." (ECF No. 17, PageID.485–486.)

As to the first argument, the Commissioner appropriately notes that it rehashes, nearly word for word, an argument previously raised in Taylor's motion for summary judgment. (*See* ECF No. 12, PageID.437–438.)

> This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, *see, e.g., Camardo v. Gen. Motors Hourly–Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y.1992) (recitations of nearly identical arguments are insufficient as objections and constitute an improper "second bite at the apple"), and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources, *see, e.g., Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

> *See also Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition.").

*Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013).

Magistrate Judge Morris thoroughly addressed Taylor's argument in the R&R (*see* ECF No. 16, PageID.476–480) and, beyond objecting to Magistrate Judge Morris' application of SSR 83-14, which the Court addressed above, Taylor has not identified any other purported deficiencies in Magistrate Judge Morris' analysis. The Court agrees with the analysis set forth in the R&R and thus refrains from addressing Taylor's repetitive argument.

Taylor's second argument, that the ALJ did not provide the necessary function-by-function assessment, is equally unpersuasive. As the Commissioner correctly notes, "[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (citation omitted). Rather, "the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-

6

related activities, and explain the resolution of any inconsistencies in the record." *Id.* at 548 (citation and internal quotation marks omitted).

Here, the ALJ discussed Taylor's testimony and reports of symptoms, including her assertions that "she can only see shadows with her right eye, and that her left eye has been worsening and getting to the point where she cannot read anything on her phone." (ECF No. 9-1, PageID.90.) He also discussed multiple years' worth of relevant medical evidence. (*Id.*, at PageID.90–92.)  Further, he addressed the findings of the vocational expert, specifically noting that, in the expert's opinion, Taylor "would be able to perform her past work as both a retail cashier/stocker and an order picker within the limits imposed by her residual functional capacity." (*Id.*, at PageID.92–94.)

Finally, the ALJ identified and addressed the inconsistencies between Taylor's testimony and the medical evidence, stating that, while "[Taylor's] medically determinable impairments could reasonably be expected to cause the alleged symptoms[,] … [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*, at PageID.90.)  The ALJ noted that, "[a]lthough [Taylor's]

7

records confirm significant vision limitations in her right eye," her "eye exam findings over the years reflect that she still retains substantial vision in her left eye with no visual field restrictions." (*Id.*, at PageID.91.)

Based on a "careful consideration of the evidence" (*id.*, at PageID.90), the ALJ determined that Taylor's "limited vision in her right eye … reasonably limit[s] her as set forth in the above residual functional capacity, including no climbing of ladders, ropes, and scaffolds, avoiding work at unprotected heights or around dangerous moving machinery, and no driving in the course of employment." (*Id.*, at PageID.92.) No more was required of the ALJ. *See White v. Colvin*, No. 14-CV-12870, 2015 WL 5210243, at *12 (E.D. Mich. Sept. 3, 2015) ("Where, as here, the ALJ provided a narrative discussion of a claimant's symptoms, their effect on the claimant's work, and how he reached those conclusions, the ALJ's narrative substantially complied with the requirements of SSR 96-8p."); *Deweese v. Comm'r of Soc. Sec.*, No. 17-14081, 2018 WL 8244844, at *7 (E.D. Mich. Oct. 9, 2018), *report and recommendation adopted*, No. 17-14081, 2019 WL 1324238 (E.D. Mich. Mar. 25, 2019) (citation omitted) (finding the ALJ complied with SSR 96-8p by discussing claimant's testimony, reports of symptoms, medical records, and opinion evidence).

For the reasons stated above, the Court **OVERRULES** Taylor's first objection and its sub-arguments.

## B.    Second Objection

Taylor's second objection consists of one paragraph arguing that, while the R&R "discussed the ALJ's choice to not credit certain of [Taylor's] testimony, specifically noting issues with [Taylor's] level of treatment[,] … issues with treatment, including treatment compliance, do not demonstrate that the ALJ performed a function-by-function assessment of Plaintiff's visual abilities." (ECF No. 17, PageID.486.) The Court already addressed Taylor's function-by-function argument, finding that the ALJ's narrative complied with the requirements of SSR 96-8p. Taylor's second objection is therefore **OVERRULED**.

## III.   CONCLUSION

Finding no error in the R&R (ECF No. 16), **IT IS ORDERED** that the R&R is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Taylor's objections to the R&R (ECF No. 17) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Taylor's motion for summary judgment (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Taylor's cause of action is **DISMISSED**.

**SO ORDERED**.

<u>**s/Jonathan J.C. Grey**</u>
JONATHAN J.C. GREY
United States District Judge

DATED: March 30, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager